Moncure, P.,
delivered the opinion of the court.
This is a supersedeas to a judgment of the Circuit court of Culpeper county, rendered on the 10th day of June 1868, against a sheriff’ and his sureties, on his official bond, for his default in regard to a writ of fieri facias which came to his hands for execution. The original declaration was for the default of the sheriff in not paying to the relator, who was entitled to receive the same, the amount of the said writ alleged to have been received by the said sheriff from the defendants therein. The declaration was afterwards amended, assigning a further breach of the condition of the bond, in not making and paying the money in the said suit mentioned according to the mandate thereof. There were four pleas to the declaration: 1st, conditions performed ; 2d, non damnifieaius; 3d, nul tiel record; and 4th, that “ Carter A. Saunders, for whose benefit the execution in the said declaration set forth was, and who is the person to whom the money was due under said execution is payable, resided on the 22d day of June 1860, (when the execution was delivered to the sheriff,) and has since continuously resided, and still resides, in a different county from that in which the said sheriff, James O. Harris, resided, and that no demand of payment of the amount of said execution was made of the said sheriff, by the said Saunders or his attorney at law, or any person having a written authority from the said Saunders, in the county of the residence of the said sheriff. To these pleas the plaintiff replied generally. The defendants moved the court to strike out the general replication to the 4th plea; which motion the court *141 overruled. The parties then, by consent entered of record, waived the right to have a jury; and thereupon the whole matter of law and fact was heard and determined, and judgment given by the court; which judgment was for $65,000, the penalty of the bond, to be discharged by the payment of $3,370 59, being the aggregate of piincipal, interest and costs of said execution as of the 1st day of July 3862, with interest thereon from that day till payment, and the costs of the relator in the suit; and such other damages as might be thereafter assessed, &c.
The defendants excepted to opinions of the court given upon the trial, and also to the judgment of the court rendered upon the evidence; the whole of which is set out in a bill of exceptions. Two cf the defendants, Walter O’Bannon and Jacob S. Egborn, sureties of the said sheriff, applied for and obtained a supersedeas to the said judgment; which is the case we have to dispose of.
The petition for the supersedeas assigns five errors in the judgment, which we will consider in the order in which they are assigned — and,
1st. Because there was no evidence that said writ of fieri facias was levied by the sheriff before the return day, (September rules 1860,) and it is well settled that if the money is paid to the sheriff’ after the return day, when there has 1 een no levy before, (as was the fact in this case,) the payment is not to the sheriff) in his official character, and consequently does not bind his sureties. 1 Rob. Old Prac. 532; Chapman v. Harrison, 4 Rand. 336.”
We think that the answer made to this assignment of error in the argument of the counsel for the defendant in error, and the authorities cited in said argument, are conclusive in favor of the said defendant. The presump *142 tion, in the absence of evidence to the contrary, is, that the sheriff did hig duty, in levying the execution before return day. “ It is presumed, until the contrary is proved, that every man obeys the - mandates of the law an<^ Perf°rms all his official and social duties.” 1 Greenl. Ev. p. 51, § 40. See also Williams v. The East India Company, 3 East’s R. 192; The King v. Hawkins, 10 East’s R. 211; Manning v. The Eastern Counties Railway Company, 12 Mees & Welsh. R. 237; and especially Hartwell v. Root, 19 John. R. 345; Jackson v. Shaffer, 11 Id. 513; and Russell v. Bebee, Hemp. R. 704; all of which authorities were cited in the argument of the counsel of the defendant in error. The evidence does not show that the sheriff did not levy the writ before the return day, as it was his duty to do. It does not at all follow that he did not make such levy because he did not receive the money until after the return day. If he made the levy before, he had authority to receive the money after the return day. See Wheaton v. Sexton’s lessee, 4 Wheat’s R. 503; and Ballard, &c., v. Thomas, &c. 19 Gratt. p. 14; also cited in the said argument. The only return made on the writ, to wit: “ Money received in 1861 or 1862,” does not show, nor tend to show, that if; was not levied before the return day. The sheriff', who was examined as a witness in behalf of his sureties, did not say in his evidence that he did not make such a levy, nor was he asked by them the question “whether he did or not?” Clearly, therefore, according to the rule which has been settled by the case of Mitchell, &c., v. Barratta, &c., 17 Gratt. 445, we cannot say, upon the evidence in this case, that the writ was not levied before the return day thereof. Indeed, without that rule, and upon the authorities before cited, we would have to say the contrary.
If, however, the writ had not, in fact, been actually *143 levied before the return day, it certainly ought to have been; and because it ought to have been, and was not, if the debt was thereby lost, would have afforded a good ground for recovering the amouut of it, under the amended declaration.
Our opinion, therefore, is against the plaintiff in error on the first assignment of error taken by him. And now let us consider the next — which is:
“2d: Because the money not having Been received by the sheriff for about two years after the execution went into his hands, to wit: until the 1st of July 1862, as fixed by the court below, whether levied or not, he then had no authority to receive it. On the 26th day of July 1861, the General Assembly of Virginia, in session in the city of Wheeling, passed an act which went into operation on its passage, entitled ‘An act staying the collection of certain debtswhereby it was enacted, ‘ that in any case where a levy has been made prior to the passage of this act, the property so levied upon shall be returned to the owner; and the judgment upon which the levy was made shall be a lien upon all the property, both real and personal, of the debtor’, and shall have priority over all other judgments as against the personal property of such debtor.’ Sess. acts 1861, p. 24. This act operated as a legislative injunction, and put an end to the authority of the sheriff to sell where a levy had been made, and consequently to his right to receive payment in his official character, so as to bind his sureties.”
The answer made to this assignment of error in the argument of counsel of the defendant in error is two fold: 1st — That according to the principles before stated and authorities before cited, we must say, upon the evidence, construing it most strongly against the plaintiff in error, that the money was received by the sin riff on *144 the 1st day of January, 1861, which was before the ________ passage of the act of the Wheeling legislature of the day of July 1861 aforesaid; and that act, therefore,' cann°t apply to the case. And — 2dly : “ The acts of the "Wheeling legislature h#d no binding obligation in that part of Virginia which adhered to the Confederate government. The government at Richmond, from 1861 to the spring of 1865, was the government of that portion of Virginia which adhered to it, de facto if not dejure; and the laws passed by the Wheeling legislature had no operation or effect in the county of Culpeper prior to the close of the war in the year 1865.” Without expressing any opinion in regard to the latter view, it is sufficient to say, that we concur entirely in the former; and wre are, therefore, of opinion against the plaintiff in error on his 2d assignment of error. The next is:
“ 3d: Because the evidence proved that the relator was not a resident of the county of Culpeper, and no demand was made in said county after the receipt of the money, either by the plaintiff, his attorney at law, or by any other person having a written order, of which the sheriff was informed. See Code of 1860, ch. 187, § 20, p. 775.”
Field testified that he was the attorney who brought the suit in which the judgment was obtaine , on which the execution aforesaid was issued, and that, after the return day of the execution, he frequently applied to the sheriff who well knew that he was counsel in the case, for the money, but always without success. He does not think the money had been collected when he called on him, and he never made such a call after the 17th of April 1861, at which time witness left the county to enter the army. This testimony is of itself a sufficient answer to the 3d assignment of error. Field resided in the same county with the sheriff, and was well known *145 to him to be the plaintiff’s attorney in the execution; and the sheriff well knew that he could, at any time, pay the money to the said attorney, who had applied to him for it. To be sure the sheriff' himself testified that he did offer to pay the money to Field, as attorney of the plaintiff'in the execution, who declined to receive it. But in this conflict of testimony the established rule, before referred to, requires us to credit that which tends to sustain the judgment of the court below. There is other testimony in the ease which affords another sufficient answer to the 3d assignment of error. We mean the testimony of Edwai'dB. Hill, the nominal plaintiff in the execution, who testified that about the 1st of September 1862 he received a letter from the relator, authorizing and requesting him to collect for him of the sheriff’ the proceeds of the execution aforesaid ; that accordingly he called on Harris, the sheriff', for the money, who acknowledged that he had received it, but declined to pay it; saying that he could afford to hold it, as he could make more than six per cent, with it, having already made more than $3,000 by speculating in tobacco. Witness informed the sheriff that he was authorized by the relator to call on him for the money, hut did not tell him that his authority to do so was in writing. The sheriff made no objection to paying him the money for the want of written authority, nor on any other ground than that already stated; nor did he make any offer to pay it, if a written order should be produced; or make any allusion to a written order. Witness had searched for the letter referred to, but was unable to find it; and supposed it had been destroyed, along with many other of his papers, during the war.
Our opinion is against the plaintiff in error on his 3d assignment of errors. The next is:
«4th — The judgment of the court should have been *146 for the defendants, on the plea of nul tiel record; because no judgment or writ of fieri facias, such as is set out in the declaration against John S. Barbour, George G. Thompson and James Barbour, was produced; but one against John S. Barbour, jr., George G. Thompson anti James Barbour, was.”
This assignment of error is based upon the narrow ground, that the omission in the declaration of the two letters “jr.,” added to the name of John S. Barbour in the judgment and execution, is a fatal variance between the allegata and probata. "We do not think so. “Jr.” is no part of the name, but a mere descriptio personas, and may be rejected as surplusage. It would have done no harm if it had been inserted in the declaration. Utile per inutile non vitiaiur. But it was unnecessary to insert it there; as it would have been unnecessary to have inserted any other addition by which John S. Barbour might have beeu described in the judgment and execution. As for iustance, “attorney at law,” or “ president of a rail-road company,” or “resident of the county of Culpeper,” &c. &c. “Junior is no part of a person’s name,” 7 Bacon’s Abri. p. 8; Bouviser’s Am. ed. of Gwyllim’s Eng. ed. 1846, and cases cited, viz: Commonwealth v. Perkins, 1 Pick. R. 388; Cobb v. Lucas, 15 Id. 7; Kincaid v. Howe, 10 Mass. R. 203; 7 Johns. R. 549; 2 Caines R. 164; 17 Pick. R. 200; 3 Metc. R. 330. There seems to be some conflict of authority upon the question whether the omission of the designation “jr.” annexed to a man’s name to a bond or note, would be a material variance in describing such bond or note in a declaration or other pleading; but the preponderance of authority, and reason also, seem to be in favor of its being no variance. See Headley v. Shaw, 39 Illi. R. 354, decided in 1866, in which Mr. Justice Breese, delivering the opinion of the court, said: “The weight of authority *147 seems to be that this is no variance. ‘ Jr.’ added to a person’s name is no part of the name.” See also Fleet v. Youngs, 11 Wend. R. 522; The People v. Cook, 14 Barb. R. 259, 299, 300; Prentiss v. Blake &c., 34 Verm, R. 460: Commonwealth v. Parmenter &c., 101 Mass. R. 211.
Our opinion, therefore, is against the plaintiff, on his 4th assignment of errors. The next and last is:
“5th — The judgment of the court was erroneous, in refusing to strike out the plaintiff’s general replication to the defendant’s 4th plea.”
It is a sufficient answer to this assignment of error to say, that no exception was taken in the court below to the action of the court in refusing to strike out the general replication to the 4th plea; and it is too late to take it, for the first time, in this court. But the answer, made by the counsel of the defendant in error, is also a good one. While “the defendant, in any action, may plead as many several matters, whether of law or fact, as he shall think necessary,” (Code, ch. 171„ § 23,) yet he must plead them in several pleas, and not all, or more than one, in one plea, unless the several matters so pleaded in one plea, be constituent parts of one and the same defence. Duplicity, to that extent, must still be avoided by a defendant in an action; and while the plaintiff' in an action cannot make several replies to one plea, yet he can reply severally to each plea. If the defendant include several distinct matters of defence in one plea, he has no right to complain of the plaintiff for replying generally to such plea. If the plaintiff in such case can be said to be guilty of a fault in pleading, it is induced by his adversary, who is guilty of the first fault. Whether, therefore, the 4th plea in this case be double or single, it is no error in the plaintiff to reply to it generally; and *148 certainly no error of which the defendants in the court below can complain.
' Our opinion is, therefore, against the plaintiff in error on his 5th and last assignment of errors,
"We think there is no error in the judgment, and that it ought to be affirmed.
Judgment aeeirmed.