STAPLES, J.,
delivered the opinion of the court.
The court is of opinion it was not necessary to aver in the declaration that payment of the execution was demanded of the defendant, John J. Grandstaff, in his county before the commencement of the action. The statute provides that an officer receiving m-oney under an execution, when the creditor resides in a different county, shall not be _liable_ to have any judgment rendered against him or his sureties for the non-payment of the money until a demand of payment shall be made of such officer in his county or corporation. Code of 1873, ch. 183, § 37.
If the declaration had averred the non-residence of the plaintiffs, it might be contended, with some reason, it should also aver a demand of payment. But the declaration does not show where the plaintiffs resided. For aught that appears to the contrary they resided in the same county with the sheriff. It will be so intended unless the evidence shows the fact to be otherwise. If it appears on the trial that the plaintiffs and the sheriff are residents of different counties, it will devolve on the ^former to prove the demand in accordance with the provisions of the statute. The court is therefore of opinion that this ground of error is not well taken. O’Bannon v. Saunders, 24 Gratt. 138.
The court is further of opinion that a sheriff or other officer has no authority to receive payment under an execution after the return day thereof, unless the execution has been previously levied. Such payment would not bind the creditor, nor would it impose any liability^ upon the sureties of the sheriff on his official bond. Although the sheriff may be responsible in his private capacity for money so received, no responsibility *20 would attach to him in his official character on that account. 1 Rob. Prac. 533; Chapman v. Harrison, 4 Rand. 336; Herman on Executions, 464, 336; O’Bannon v. Saunders, 24 Gratt. 138. This was the settled doctrine prior to the revisal of 1849. The provisions then adopted ga've to the writ of fieri facias an absolute lien upon the debtor’s personal estate, not limited to the time during which the execution was to run, but continuing until the right to levy a new execution ceases or is suspended by a forthcoming bond being given and forfeited, or by a supersedeas or other legal process, subject, however, to certain exceptions which do not apply to the present case, and need not now be considered. Charron & Co. v. Boswell & als., 18 Gratt. 216. and cases there cited; Code of 1860, ch. 189, §§ 3, 4.
These provisions do not enlarge the powers of the sheriff with respect to executions, and were not so' intended. They simply_ extend the lien for the benefit of the creditor. The authority of an officer to collect money in -discharge of the execution does not result from the lien, but is a, consequence of the right to sell the debtor’s property under the execution. So long as the right to sell continues, the right to receive payment remains, but no longer. If the officer levies before the return day of the writ, he may sell, notwithstanding the return day has *passed; and, as a necessary consequence, he may receive payment without selling. But if he fails to levy before the return day, his authority to sell after-wards ceases, and with it the right to receive payment in discharge of the writ. He may, of course, receive payment at any time before the return day without a levy.
Tested by this principle, the first count in the declaration must be held to be deficient in proper averments. It alleges that while the execution was in the hands of the deputy and a lien on the property of the debtor, the latter paid the deputy the whole amount of the debt in discharge of the execution. It does not, however, aver that the payment was made before the return day, or indeed when it was made; nor doe's it aver that the execution had ever been levied; so that every fact stated in the declaration may be true, and yet no liability may attach to the sheriff and his sureties by reason of the peyment made to the deputy. The court is therefore of opinion that the demurrer to the first count ought to have been sustained.
The court is further of opinion that, although a sheriff is liable to a fine, at the discretion of the proper court, for his failure.to make due return of an execution, he is also liable to an action on his official bond by the party injured by such failure. The fine is in the nature of a punishment for a personal offence, and is not considered as any satisfaction for the damage sustained by the creditor in being unjustly kept out of his money by the default of the sheriff or his deputy. When the fine is paid by the sureties .of_ the .sheriff, in any subsequent proceeding against them to enforce the judgment or decree upon which the execution issued, they will be entitled to a credit upon the judgment or decree for the amount of the fine, or fines, so paid. Code of 1873, ch. 49, § 28, page 475. See also McDonald v. Burwell, adm’r, 4 Rand. 317; Pardee v. Robertson, 6 Hill’s R. 550.
*The fifth count of 'the declaration is founded upon an alleged breach of duty in failing to make due return of an execution in the hands of the deputy. This count, although not so specific in its averments as it might have been, is substantially sufficient upon general demurrer. The circuit court did not, therefore, err in overruling the demurrer to that count, nor in overruling the demurrer to the remaining counts in the declaration.
The court is further of opinion that-the circuit court did not err in overruling defendants’ objection to the witness, James M. Bradford, introduced by the .plaintiffs; as set out in the first bill of exceptions, nor in overruling defendants’ objection to the testimony of the same witness, as set out in the second bill of exceptions. Although the witness was the judgment debtor, and was offered to prove, among other things, a payment made by him to the defendants’ deputy, he was not so directly interested in the result of the suit, or in the verdict and judgment to be rendered, as to render him incompetent to testify in the cause. His testimony was clearly admissible at that stage of the trial, to prove the payment, because the plaintiffs might adduce evidence tending to show the levy before the return day of the execution. If they failed to do so, it was competent for the defendants to move to exclude all that the witness said with respect, to the payment made by him.
The evidence set out 'in the third bill of exceptions was offered to show that the debtor, a few days after the payment, had directed that it should be -applied to the plaintiffs’ execution, and that the officer made no objection. This evidence was properly left to the jury to determine whether the officer had acquiesced in the direction of the debtor, and whether, under the circumstances, the officer could properly apply any part of the money to other claims in his hands against-the debtor.
*The court is further of opinion that the circuit court did not err in refusing to admit in evidence the execution set out in the fourth bill of exceptions. The return thereon showed it had been satisfied as far back as the 8th November, 1861. It was issued long after the plaintiffs’ execution. It had, therefore, no apparent relevancy to the matter in controversy, and its only effect was to confuse the jury by multiplying collateral issues. The bill of exceptions does not show what was the amended return defendants proposed to make on the execution. Whatever it was, the application to amend ought to have been made to the county court from which the execution issued, and not to the circuit court in which the .case was then being tried.
The court is further of opinion that the circuit court erred in refusing to permit B. *21 F. Murray, the deputy sheriff, to testify as a witness in behalf of the defendants. The action was against the sheriff and his sureties for the default of this deputy in failing to pay over money collected.under an execution. Second, for failing to levy and make due return of the execution. The witness was excluded upon the ground of interest in the result of the trial, arising out of his liability over to his principal, and because some of the sureties upon the official bond of the sheriff being dead, the plaintiffs could not testify under the statute.
The language of the section of the statute relied on is as follows : And where one of the original parties to the contract or other transaction, which is the subject of investigation, is dead or insane, or incompetent to testify by reason of infamy or other legal cause, the other party shall not be permitted to testify in his own favor, or in favor of any other party having an interest adverse to that of the party so incapable of testifying, &c.
In the case of Grigsby v. Simpson, assignee, decided by this court and reported in the April number, 1877, of *the Virginia Law Journal, pp. 230, 232 (28 Gratt. 348), this court, Judge Christian delivering the opinion, held that the test of competency under the section just quoted is the cause of action in issue and on trial, not the fact to which the party is called to testify. If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction is not admitted at all, and cannot testify to any fact in the case, otherwise he is admitted as a witness. The object of the statute is to put the parties (to the contract or other transaction) on the terms of equality, so that when the lips of one of them are closed by death, or other cause, the adverse party shall not be heard.
The case of Mason v. Wood et als., 27 Gratt. 783, is not at all in conflict with this view. There the witness was called on to testify as to matters occurring after the death of one of the obligors, and of which the latter of course knew nothing; but this court held the witness incompetent. Judge Anderson, delivering the opinion of the court, said that under the statute there was no limitation of the incompetency as to the subject matter of the testimony. The witness could not be heard at all as to any fact. The reason was the obligor, who had died, ivas a parly to the contract which was the subject of investigation.
In this case the transaction which was the subject of investigation was the alleged default of the deputy sheriff. All the parties to that transaction were living and competent to testify in the cause. The sureties of the sheriff were liable on their bond for the default of the principal and his deputy, but they were not parties to the transaction which was the subject of investigation. They are neither within the letter nor spirit of the statute. Without, therefore, enquiring into the operation and effect of the release executed by the sheriff, the court is of opinion *that the deputy is a competent witness for the defendants in this case.
The court is further of opinion that the circuit court committed no error in refusing the application set forth in the seventh bill of exceptions, or in permitting the witness to testify as stated in the eighth bill of exceptions.
The court is further of opinion that the circuit court did not err in giving the first, third and fourth instructions asked for by the plaintiffs. The second instruction affirms the erroneous proposition already adverted to in connection with the first count of the declaration, and that is, that a payment made to the sheriff is valid to bind him and his sureties upon the official bond, although made after the return day of the execution, and although the execution was not levied upon the property of the debtor. This subject has been already discussed, and need not be further considered. For the reasons heretofore stated, this instruction is erroneous, and ought not to have been given. And for the same reason the circuit court erred in refusing to give defendants’ third instruction.
The court is further of opinion that the circuit court did not err in refusing to give the defendants’ fourth instruction. It is the duty of an officer receiving money to apply it in satisfaction of the oldest execution in his hands. But in this case it did not necessarily follow that because the sheriff may have had older executions in his hands than the plaintiffs’, it was his duty to apply to them the money received from the debtor in 1862. The plaintiffs had offered testimony tending to show that a short time after the payment was made the debtor requested the deputy to apply the money to the plaintiffs’ execution; to which the deputy made no answer. This evidence was properly left to the jury, upon the question of the application of the payment with the consent of the deputy. 'The court could not. therefore, give the *defendants’ fourth instruction without a manifest disregard of this evidence.
The court is further of opinion that the circuit court did not err in giving to the jury the instruction substituted by the court for the defendants’ fifth instruction. Both instructions, the defendants’ and that given by the court, informed the jury that an officer receiving money under an execution, but residing in a different county from the creditor, is not liable to have a judgment rendered against him or his sureties, for the non-payment thereof, until a demand of payment is made of such officer in his county or corporation, by the creditor or his attorney, or some person having a written order from the creditor; and in this case if the jury believed from the evidence that the plaintiffs resided out of the countv (the sheriff’s), and that no such demand for the said monev was made, they cannot find for the plaintiffs as for money collected.
To this the court made the following addition: “But the jury, in investigating the alleged breach of the condition of the bond for a failure to return the execution of the ‘plaintiffs against defendants.’ may consider whether from the evidence the fact that no demand was made (if such was the fact) re- *22 suited from ignorance of the collection of the money, growing out of the failure to return the said execution.”
This addition was, perhaps, calculated, in some degree, to confuse the jury. When the creditor proceeds against the sheriff for money collected under an execution, a demand of payment in the sheriff’s county is absolutely essential if the parties reside in different counties. In such case it does not matter whether the execution is or is not returned, or whether the creditor is or is not ignorant of the collection of the money. But when the creditor is also suing for a failure to make due return of the execution, as in the fifth count, no demand of payment *is necessary previous to a judgment for such breach. The gist of the action is the failure -to return the execution. The circuit court might, therefore, have told the jury that so far as the action was for the failure to make return of the execution, no demand of payment was required. It was not necessary to encumber the instruction with the qualification in regard to the ignorance of the plaintiffs. This qualification, however, was not prejudicial to the defendants, and affords no just ground of complaint on their part.
The court is further of opinion that the circuit court committed no error in refusing the seventh, eighth and ninth instructions asked for by the defendants. But for the errors already stated, the verdict and judgment must be set aside, and the cause remanded to the circuit court for a new trial, in conformity with the views herein expressed.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in overruling the demurrer to the first count in the declaration, and in refusing to permit B. F. Murray, the deputy sheriff, to testify as a witness in behalf of the plaintiffs in error, and in giving to the jury the second instruction óf the defendant in error, and in refusing to give the third instruction of the plaintiffs in error, and that there is no other error in said record. It is therefore considered by the court that for the errors aforesaid the said judgment of the circuit court be reversed and annulled, and chat the defendants in error do pay to the plaintiffs in error their costs by them incurred in the prosecution of their writ of error and supersedeas aforesaid here. And this court proceeding to render such judgment as the said circuit court ought to have rendered, it is considered by the *court that the verdict of the jury be set aside, and a new trial awarded; that the demurrer to the first count in the declaration be sustained,' and leave given to the plaintiffs to amend their declaration, if they shall so desire, and upon any new trial to be had the said-circuit court to conform to the judgment.
And the .cause is- remanded to the said' circuit court for further proceedings in conformity with the views herein expressed.
Judgment reversed.