Opinion of the Cou&t.
A pp.osf.cutiOn for bhstardy ,was_;commenced in the court below against the defendáiíf fn'-error, who made default, and his recognizance was forfeited; and on a scire fa cías, judgment was rendered against him, that-the commonwealth have execution for the amount of hisvrecognizance. At the same term when this judgment was rendered, a new prosecution for the same offence was pending, with a recognizance taken before a justice of the mace; andón the calling of this cause, the defendant in error, without appearing in discharge .of thisfest recognizance, by his counsel, moved the court to quash and dismiss the proceedings, On the groqnd, that the judgment rendered on the ibst recognizance was a bar to all proceedings for the same offence; which motion the court sustained, and gave judgment uefofdingl^. To reverse this last judgment, the commonwealth -lias prosecuted this writ of error.
1. We are aware of no principle, by which the decision of the court below can be supported. The judgment on the recognizance was- to coerce his obligation *285 to the commonwealth, forfeited by his non-appearance; the judgment, or order, on his conviction of bastardy, would have been for a sum sufficient to maintain the infant, and indemnify the county; and in no shape could a decision in one case affect his liability in the other. To permit the forfeiture of a recognizance, and judgment thereon jto bar all prosecution for the original of-fence, in 3yhien bail was required, would, in effect, be cottimutifeihe punishment due for the offence, for a compeifsatroli in money, in all cases of felony, bailable bylaw. /
A judgment rendergd on a - recogbizance-for failing to appear, is no bar to another prosecution for the same offence.
Appearing by-attorney, and inducing the court erroneously to quash a recognizance on the day of appearance, does not exa tingujsh the recognizance ; but as the defendant could not now, literally comply with it, a reasonable time was directed to be allowed fox him to appear in discharge of it, <£(ter the reversal of the judgment quashing it
2. As the decision is to be reversed, the question presents itself, what is to be done with fhe recognizance taken in this last prosecution? Must it be held to be discharged by the act of the court below, in determining tlidt further proceedings were bar-red-,' or can it yet he coerced, unless.he appear? He did notenter any fjgpearance in thereof; but. his counsel was permitted to' ap'^^ft^d'-ihsist that further proceedings v;ere‘barreÍ3. Uhuer^u®]!' circumstances, we cannot cp^ceive that the rgc^nízancé lost its fofifé. '.0n the Qt^er hm^.to directaí^nf?, a forfeiture of this last re-cdÉaizance to be enfffWr/ffiight be rather rigid, a,s the Jlplíñd'ífot mighfeh^yl^he'aife^,' had' the decision.of thab,c’M|M'.beén therefore, conceive it -plApbfffffiat in thé'discretion of that fcogfi á$Í0|p 'í|njpwjEre|$h tlih return of this cause, in yiyht^thé:®fendam’máy appear in discharge of his re-t^^pizan'Se, and answdMo the charge; and if he fail in fading, that a judgment of forfeiture of Ibis last recognizance now for t'Geff'ought .to be rendered.
dj-lie judgment must, therefore, be reversed with <fb§ife.' spiff the cause be remanded for new proceedings, .¿^^gpngistent With this opinion,