Jan'y Term,      Urton *vs.* Hunter, Harris & Co.      1867.

# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

*Absent, HARRISON, J.

## ALFRED URTON *vs.* HUNTER, HARRIS & Co.

January Term, 1867.

1. W. sues H. H. and McC. as partners under the firm and style of H. H. & Co. Process was served on H. only, who pleaded *nil debet* and filed an affidavit denying the partnership, and on the trial it is proven that there was a partnership at the time of the execution of the note, under the firm and style of H. H. & Co., composed of H. H. and T.: HELE:
    That the contract proven was different and distinct from that alleged and the variance was fatal.

2. Where a part of the co-partners only are sued, or other parties improperly included, it is matter to be pleaded in abatement for non-joinder or mis-joinder, and if so pleaded will defeat a recovery against those who only are embraced in the action, or where improper parties are included as co-partners, notwithstanding the provision of the law found in the †Code 1860, chap. 177, sec. 19.

3. A discharge under the insolvent laws of another State cannot avail a defendant against a citizen of this State, and who was such at the time of making the contract sued on, where the remedy is sought in this State.

4. The statute of limitation of another State, where a contract was made, cannot be pleaded as a bar to a recovery in an action in this State, as the *lex fori*, and not the *lex loci contractu*, governs in all cases as to the time, mode and extent of the remedy.

5. Although there are immaterial issues raised by the pleadings, still a general verdict for the defendant will not be effected thereby where there is a proper issue.

*Alfred Urton* brought an action of debt, on the 13th day of October, 1853, in the circuit court of *Nicholas* county,

*See page 1.

† "In actions, founded on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants, against whom he would have been entitled to recover if he had sued them only."

against *James Hunter*, *Thomas P. Harris* and *John McCullough*, partners under the firm and style of *Hunter, Harris & Co.*, to recover the sum of 618 dollars and 18 cents, and 2 dollars cost of protest. The writ was executed on *Harris* alone, the others being returned as no inhabitants. The declaration alleged that the parties before named composed a firm under the style above mentioned, and that on the 24th day of January, 1850, at *Cumberland (Maryland)*, they made their certain note in writing signed by their firm name, and promised to pay to the order of the plaintiff the sum before named, on the 15th day of March, 1850, negotiable and payable at the *Mineral Bank of Maryland*; and that the note was duly protested for non-payment.

The defendant pleaded *nil debet* and filed an affidavit denying the partnership alleged in the declaration. He also filed a special plea, alleging that the note declared upon was made in the State of *Maryland*, and that afterward, in November, 1850, he was in custody of the sheriff of *Washington* county, and applied for the benefit of the insolvent laws of that State, and was by the proper authority wholly discharged and absolved from all debts and demands, both in his individual and co-partnership capacity; to which the plaintiff replied that at the time of the execution of the note, and at the time of the application for the benefit of the insolvent laws of the State of *Maryland*, the defendant was a citizen of *Virginia*, and therefore the matters contained in his plea were no bar. The defendant filed an additional plea alleging that, at the time of the execution of the note, he resided in *Maryland*, and the payment was to be performed with reference to the laws of that State; that the plaintiff did not institute his action within three years from the time the note became due, which by the laws of *Maryland* was the period of limitation prescribed for the same to be brought; to which the plaintiff replied that after the making of the note and before the three years had expired and the statute operated as a bar, the defendant left the State of *Maryland*, and the plaintiff was at an uncertainty of finding out the defendant and his effects, which by the laws of

that State was sufficient to preclude the bar of the statute of limitation.

The defendant rejoined generally to the plaintiff's special replications of the statutes, and issues were joined on all the pleas.  On the trial of the cause, which took place at the May term, 1858, the defendant moved to exclude the note offered in evidence, but the court refused to do so, whereupon he excepted.

The evidence showed that, at the time the note was given the defendant, *Harris*, was a member of a firm composed of *James Hunter, Thomas G. Harris*, and *William B. Thompson*, and not *Hunter, Harris*, and *McCullough*, as the plaintiff had alleged in the declaration.  The rest of the evidence being wholly on the two special pleas of the defendant, and which were held by this court to raise immaterial issues, it is not necessary to introduce it here.  The jury found a general verdict for the defendant.

The case came from the court of appeals of *Virginia* at *Lewisburg*, to this court, a supersedeas having been granted by that court to the plaintiff.

*Lamb* and *Paull*, for plaintiff in error.

Brown, President.

This is a supersedeas to a judgment of the circuit court of Nicholas county rendered in 1858.

It was an action of debt by the plaintiff, Urton, who is also plaintiff in error, against James Hunter, Thomas G. Harris, and John McCullough as partners under the style of Hunter, Harris & Co.

The plaintiff in his declaration counted upon a promissory note alleged to have been executed by the defendants aforesaid, by their said firm name of Hunter, Harris & Co. Harris only was served with the procees, and was alone before the court at the trial.  He pleaded the plea of *nil debet*, with an affidavit, in which he denied under oath, the partnership; and the jury found a verdict for the defendant.

The evidence shows that the defendant, Harris, was at the

date of the note partner in a firm composed of the following member, viz: James Hunter, Thomas Harris, and William B. Thompson; and there was no evidence of any other firm of the name and style aforesaid.

The first point in this case requiring the consideration of this court is whether the statute, in Code of 1860, chap 177, sec. 19, p. 733, so alters the rule of the common law, which required the *allegata* and *probata* to correspond, as to warrant a verdict and judgment for the plaintiff against the defendant upon the facts stated. This is a new provision, and I am not aware that it has yet received construction by the appellate court, though the practice under it has been conflicting in the circuit courts. And, it is perhaps to be regretted that the present case, though seeming to do so at the first blush, upon a more careful inspection does not offer a favorable opportunity for expressing an opinion on the subject. But without going beyond the requirements of the present case, it cannot now be done. And it is deemed the better and wiser course to decide nothing, not necessary to the decision of the case under consideration. To warrant a verdict and judgment against the defendant, Harris, under the circumstances of this case by virtue of the said statute, it was necessary that the plaintiff, Urton, would have been entitled to recover, if he had sued the defendant, Harris, alone. If he had done so, Harris might have pleaded the non-joinder of his co-partners in abatement and must have defeated a recovery against himself alone. Since therefore, the plaintiff would not have been entitled to recover against the defendant, Harris, if he had sued him alone, so neither can he have judgment against him in this case, in which he had not sued the partner, Thompson. But in addition it is very clear that the contract declared on and the contract proved are different and distinct contracts, and the variance, therefore, is fatal, with or without the statute. *Gordon* vs. *Austin* and others, 4 Term Rep., 326.

There were two other pleas filed by the defendant, viz: the statute of limitation in the State of Maryland, and a discharge by a Maryland court in bankruptcy, under a bank-

rupt or insolvent act of that State. To the first plea, viz:
of the statute of limitations aforesaid, the plaintiff pleaded
specially, under a provision in the Maryland act of limita-
tions, that the defendant before the expiration of the period
of limitation, left the State of Maryland, so that the plain-
tiff was at an uncertainty of finding out the defendant and
his effects. And to the other of the said pleas, viz: the dis-
charge in bankruptcy, the plaintiff replied specially, that he
was, at the date of the note sued on, a citizen of Virginia
and not of Maryland. To both of which said replications
the defendant rejoined generally and issues were thereupon
joined.

The evidence set out in the bill of exceptions shows very
clearly that the plaintiff was a citizen of Virginia, and also,
that the defendant, Harris, left the State of Maryland before
the debt sued on was barred in Maryland. And the jury,
as before stated, found a verdict for the defendant.

If the Maryland acts did not bar the plaintiffs recovery in
Virginia the said pleas and replications raised immaterial
issues, and it would be equally immaterial how those issues
were found by the jury.

And this raised the question how far it is competent for
the State of Maryland to discharge her citizen from a lia-
bility which he has incurred to a citizen of Virginia. In
other words, whether in this case, the law of the contract or
of the forum is to govern.

It has been too well settled by repeated decisions to
require confirmation, that the *lex loci* acts on the right; the
*lex fori* on the remedy. "This is the rule," says Chancellor
Kent, "in all civilized countries, and it has become part of
the *jus gentium*." "Upon the principle, that the time of lim-
itation of actions is governed by the *lex fori*, a plea of the
statute of limitations of the State where the contract is
made, is no bar to a suit brought in a foreign court to
enforce the contract; though the plea of the statute, where
the suit is brought, is a valid bar, even though brought upon
a foreign judgment." "Though the foreign statutes of lim-
itations may have closed upon the demand before the remo-

val of the party to the new jurisdiction, yet it will be unavailing. The statutes of limitations in whose courts a suit is prosecuted must prevail in all actions." 2 Kent Com., 462–3. In *Ruggle* vs. *Keeler,* 3 John., 264, the court said, "we are bound to confine ourselves to our own statutes of limitations and could not regard that of any other State. Statutes of limitations are municipal regulations, founded on local policy, which have no coercive authority abroad and with which foreign or independent governments have no concern. The *lex loci* applies only to validity or interpretation of contracts and not to the *time, mode* or *extent* of the remedy." The same doctrine is sustained by numerous authorities, among which may be considered, *Jones' adm'r* vs. *Hooks' adm'r,* 2 Rand., 303; *Williams* vs. *Jones,* 13 East., 439; *Decomb* vs. *Savotier,* 3 John. C. R., 217; *Delavega* vs. *Vienna,* 1 Barn and Adolph, 248; *LeRoy* vs. *Beard,* 8 How., 451; *Ingraham* vs. *Arnold,* 1 I. I. Marsh., 407; *Henry* vs. *Sargeant,* 13 N. H. Rep., 321; *McElmoybe* vs. *Copen,* 13 Peters; *Finly* vs. *Vegier,* 1 Bing., N. C. Rep., 151; *Townsend* vs. *Jameson,* 9 How., 407; *Morris* vs. *Edes,* 11 Martins' La. Rep., 730; *Smith* vs. *Spinald,* 2 John., 198; *Wood* vs. *Malin,* 5 Halstead's Rep., 208; *Atwater* vs. *Townsend,* 4 Conn. Rep., 47; *Estes* vs. *Kyle,* 1 Meigs' Term Rep., 34, and 3 Litt. Rep., 285.

I think, therefore, that the said two special pleas, based upon the statutes of Maryland were immaterial pleas, and the replications thereto raised immaterial issues, and that the finding of the jury, though contrary to the evidence on the said issues, was also immaterial in that regard, and was right on the plea of *nil debet,* and the verdict being general for the defendant, was substantially right, and should not be disturbed in the appellate court.

The judgment should be affirmed with costs to the defendant in error.

MAXWELL, J.  I think it is pretty well settled that, if the parties to a contract were, when it was made, both citizens and inhabitants of the State in which it was made and to be

performed, a discharge there of the debtor from the contract, though under the insolvent laws of the State, will bind the creditor and bar him from an action upon the contract in another State.

The plea in this case which is intended to set up a discharge under the insolvent laws of Maryland is wholly insufficient, because it fails to set forth the statute under which such proceedings were had, that the court may see whether they were authorized by it or not.

There is no cause in the record to disturb the judgment below.

JUDGMENT AFFIRMED.