# CHARLESTON.

## L. L. WINDOM *et al. v.* JOHN BOUNDY

Submitted October 2, 1923.    Decided October 9, 1923.

1.  JUSTICES OF THE PEACE—*Answer in Justice's Court Objecting to Complaint Because of Non-Joinder of Partner Does Not, When Controverted, Render Amendment Necessary.*

    An answer filed in a justice's court which raises objection to plaintiffs' complaint because of the non-joinder of a co-partner of defendant as party to the action, does not in itself when controverted by plaintiff, render the amendment of plaintiff's complaint necessary. It but puts the matter in issue, to be determined by a hearing upon the truth of the averments of such answer. (p. 556).

2.  SAME—*Answer in Justice's Court Showing that Co-contractor should have been Jointly Sued Analogous to Plea in Abatement in Court of Record and Must Give Better Writ.*

    An answer of a defendant, whether oral or written, to a complaint, filed in a justice's court, showing as matter of abatement, that a co-contractor should have been jointly sued with defendant is analogous to a plea in abatement on the same ground filed to a declaration at law in a court of record and, barring matters of form, is governed by the same principles, and to be sufficient, must give the plaintiff a better writ. (p. 556).

3.  SAME—*Answer in Justice's Court Stating That Another Party Should be Joined as Defendant, But |Failing to Show His Residence Within Jurisdiction of Court, Insufficient.*

    An answer in such case which merely states that another party should be joined as a defendant, but fails to show that his residence is within the jurisdiction of the court, does not give plaintiff a better writ, and is insufficient. (p. 557).

4.  SAME—*On Appeal From Justice's Court, Defense of Nonjoinder Waived When Parties go to Trial on Merits.*

    If, upon appeal from the decision of a justice in an action in which the defense of non-joinder is not properly raised by an answer containing the essential elements of a plea in abatement, the parties go to trial in the circuit court on the merits of the case, the defense of non-joinder must be taken as waived and can not be relied upon further by the defendant. (p. 558).

5. ˙BAILMENT—*Burden on Borrower for Sole ˙Benefit to Show Injury Without Fault on His Part; Where Evidence Conflicting. Question for Jury.*

Where goods are loaned for the sole benefit of the borrower and are injured while in his possession, the burden of proving that such injury ˙occurred through no fault or negligence of the borrower rests upon him; and where the evidence as to that fact is conflicting, the question is one for the jury. (p. 559).

Error to Circuit Court, Marshall County.

Action by L. L. Windom and others against John Boundy. Judgment for plaintiffs in the justice's court, and on appeal to the circuit court a verdict for defendant was directed and the proceeding dismissed, and plaintiffs bring error.

*Reversed and remanded.*

*Martin Brown,* for plaintiffs in error.

*D. B. Evans,* for defendant in error.

MEREDITH, JUDGE:

Plaintiffs recovered a judgment before a justice for damages for injuries done to a well drilling bit, alleged to have been borrowed from plaintiffs by defendant. On appeal therefrom the circuit court, after hearing the testimony, directed a verdict for defendant and dismissed the proceeding. Plaintiffs obtained a writ of error to that judgment.

The evidence shows that plaintiffs are partners and are contractors engaged in drilling oil and gas wells in the vicinity of Cameron, Marshall County. Defendant follows the same business, but claims that he transacts no business individually, but only as a member of the patrnership firm of Boundy Brothers, consisting of himself and his brother, G. W. Boundy. The present action is against him as an individual, and it is his denial of liability in that capacity which constitutes his principal ground of defense.

The loan of the bit is not denied, and there is but little controversy as to the nature or terms of the bargain. On January 31, 1922, defendant called plaintiff Windom on the telephone, asked if he had a 16-inch bit, was informed that he had, and asked to borrow it to drill about 60 to 75 feet of hole in a well called the Kerns well near Glen Easton.

Windom agreed to lend the bit, and defendant agreed to return it when through with it, Windom says, in about a week or ten days. Defendant was told where he would find it, and he agreed to return it to the same place. It is admitted that the telephone conversation was carried on in the first person by both parties, and by nothing said was it intimated that a partnership was interested either in the lending or borrowing of the tool. Windom, in his testimony, adds that defendant agreed to return the bit in the same condition in which he should find it. Defendant is silent as to this. It is the only material variance in their versions of the transaction. However, the bit was not returned, and about a month later, Windom found it in a Cameron machine shop with its pin broken off. On March 11th and April 18th, plaintiffs mailed statements to defendant, or rather to Boundy Brothers, charging them with the value of the bit, $153.81. Twenty-five per cent of the original cost had been deducted. To the second of these statements plaintiffs received the following reply:

> "Cameron, April 25, 1922.
>
> Windom & Taylor,
> Dear Sir,
>     Your letter of the 18 received. In regard to that 16″ Bit, I told Mr. Monroe to put it in as good a shape as I got it. He told me he could do it. Now if you don't want it fixed up I will pay you what it costs to *repare* it, I would have no use for it as the steel in it is no good it cost me $200 to find it out let me know what you want done with it.
>
> J. J. Boundy."

On June 7th, the plaintiffs instituted a civil action before a justice, against defendant individually to recover for damages done to the bit. On the 15th, the return day, defendant appeared, made oath that he had a just defense, and the case was continued to the 22nd. On the latter date, both parties to the action appeared by counsel, and the transcript of the record in the justice court shows that upon a plea of not guilty, a judgment was rendered for plaintiff in the amount of $105.08, and an appeal taken to the circuit court. Relying on *Anderson* v. *Henry,* 45 W. Va. 319, 31 S. E. 998, as au-

thority, defendant has supplemented the transcript certified, however, by evidence that "before any of the pleadings were made up in the case" in the justice court, and before trial, he filed a paper showing that G. W. Boundy, as co-contractor of defendant in the loan of the bit, was not joined as defendant, and moved for a dismissal of the action.

The paper referred to reads:

> "L. L. Windom and George Taylor, partners, doing business under the style and name of Windom and Taylor,
>
> 　vs.　) Before E. M. Lewis, J. P.
> John Boundy.
>
> For further answer to the plaintiff's claim, the defendant says that one G. W. Boundy is liable jointly with this defendant, if any liability there be at all, said G. W. Boundy being the other member of the partnership of Boundy Bros., this defendant and said G. W. Boundy composing the members of said partnership, borrowing this tool in question.
> 　　　　　　　　　　　　JOHN BOUNDY,
> 　　　　　　　　　　　　　　　　By Counsel.
> D. B. Evans,
> Counsel for Defendant."

It was exhibited to counsel for plaintiffs "the first thing after entering the justice office," not before. The justice decided for the plaintiffs both upon the motion and upon the general denial.

In the circuit court, on appeal, defendant pleaded not guilty, and a jury was empaneled to try the issue joined. In addition to the evidence as to the telephone conversation, the statements mailed by plaintiffs, defendant's reply thereto, and the testimony of counsel as to the proceedings before the justice not shown by the transcript, some evidence was adduced as to the quality of the steel in the bit, and whether it could be repaired so as to be fit for use. It appears that the pin was broken off twice while in defendant's possession. After the first break, a new pin was turned on it, this also broke, and the bit was sent to the shop a second time. In this condition plaintiffs found it. Defendant's claim is that by welding another section on the bit it would be as good as ever. Plain-

tiffs refused to accept it as repaired, and demanded its value.

These are unimportant matters, however, so far as the issue of non-joinder is concerned. Defendant emphasizes the fact that plaintiffs' statements were addressed and mailed to Boundy Brothers; plaintiffs stress the point, as shown by the letter quoted above, that defendant replied to the second statement in his individual capacity. Defendant shows that plaintiffs, at the time the bit was loaned, knew that Boundy Brothers were in the drilling business; Windom testifies that while he had heard of Boundy Brothers, he did not know that defendant was one of the brothers and that he dealt with the defendant alone.

The outcome was a directed verdict for defendant. The conflict in the evidence as to whether the bargain was with defendant or with Boundy Brothers was either not recognized by the court, or, what is more likely, was deemed not controlling. The court in rendering its opinion referred to the case of *Toledo Scale Co.* v. *Bailey*, 78 W. Va. 797, 90 S. E. 345, holding that while it is not necessary to file a formal plea of abatement in a justice court, nevertheless, the plaintiffs' attention should be called to the defense of non-joinder "in some manner, before entering upon the trial on the merits of the case." The court then pointed out that the proper attention was called to the defense in the present action, and "that the only thing the court can do under the state of the pleadings, is to direct a verdict for the defendant and dismiss the proceedings, because of the fact that the plaintiffs could have amended those pleadings at the time, and failed to do so, and it is being tried *de novo* here, and it is not the defendant's fault that the plaintiffs haven't got any better writ here. The defendant did all that was necessary by law to require a better writ." The only conclusion we are able to draw from this language in the trial court's opinion, is that it was under the impression that, an objection on the ground of non-joinder of a necessary party having been raised in the justice court, prior to the hearing of the case on its merits, the plaintiffs were at once bound to amend their complaint or suffer a dismissal of their case. The justice did not dismiss the case, but heard the evidence and found for the plaintiffs; so, "under the state of the pleadings" the circuit

court reversed the justice's ruling by directing a verdict for defendant. If this be the correct interpretation of the court's action, the error committed is manifest. The answer of defendant, while not a plea in abatement, was in so far as its procedural effect was concerned, analogous to such a plea. If controverted by plaintiffs, it could not of itself compel plaintiffs to change their position or amend their pleadings. It but put the controverted matter in issue, to be tried prior to the hearing of the case on its merits. To hold otherwise would be to attach an wholly unwarranted significance to the mere filing of a plea. So, under the pleadings, there was no warrant for the circuit court's action in directing a verdict.

But, assume for sake of argument that we have misconstrued the court's action, and that it considered not alone the pleadings but the evidence also in ordering a directed verdict. Assume also that the answer alleging non-joinder was in form sufficient to put the matter in issue; would the judgment then be proper? We think manifestly not. Whether plaintiffs dealt with defendant as an individual or as a member of the partnership of which his brother was the other member is on this record purely and solely a question of fact, a seriously controverted one, to be determined by the jury, unless a submission thereof to the court was agreed upon. ''An issue of law raised by a plea or other objection to the jurisdiction or in abatement is of course triable to the court. An issue of fact raised by such a plea may be submitted to the jury, but is triable to the court if the parties agree.'' 1 C. J. tit. Abatement and Revival, §605. And, as in the case of most other affirmative pleas, the burden of its establishment rested upon the defendant. 1 C. J. tit. Abatement and Revival, §603; *Jewett* v. *Davis*, 6 N. H. 518. These principles apply with equal force to similar objections raised in a justice court. Thus, it seems clear that though we concede that the issue of non-joinder was properly raised by the record, it was improper for the court to withdraw the determination thereof from the jury, and to direct the verdict to be found.

There is a further objection to the judgment in this case, however. In a preceding paragraph we have quoted the answer or plea filed by defendant with the justice, in which the defense of non-joinder was set up to abate the proceeding.

It is the only pleading in the record in which the matter of non-joinder is set up as a defense. The circuit court, being convinced from the evidence that the pleading quoted was filed preliminary to the joinder of issue on the merits of the case, held that it satisfied the requirements of the decision in the case of *Toledo Scale Co.* v. *Bailey,* supra, and that the defense was properly in issue before the justice and in the circuit court.

The portion of that decision relied upon reads:

> "True, the pleadings in a justice's court are informal and generally oral, and a formal plea in abatement may not be necessary in this case, but the matter ought to have been called to plaintiff's attention, in some manner, before entering upon the trial on the merits of the case. Plaintiff was entitled to be informed, so that it could have amended its writ, if it had desired to do so; it was not given that opportunity. After joining issue on the merits, such objection comes too late, even in a case appealed from a justice."

But, was the paper filed in the present case sufficient to put the matter before the court? Hogg's Treatise and Forms, §51, says that non-joinder in a justice court "may be raised orally or in writing in such manner as to indicate to a person of common understanding what the objection is." The decision, quoted in part above, states that plaintiff is entitled to be informed, so that it can amend its writ if it desires to do so. In other words, the plaintiff must be given such information as will enable it to make out a better writ. This is the fundamental requisite of a plea in abatement in the circuit court and of the answer analogous thereto which is required to be made before a justice. The next inquiry then is, what is the information with which the plaintiff should be furnished in order to make out a better writ? For the answer to this question we need look no further than the statute. Barnes' Code, 1923, ch. 125, sec. 17, reads:

> "No plea in abatement, for the non-joinder of any person as a co-defendant, shall be allowed in any action, unless it be stated in the plea that such person is a resident of the state, and unless the place of

residence of such person be stated with convenient certainty in an affidavit verifying the plea.''

Does the answer of defendant in this case furnish the information so required? Assuredly, it does not. It states that the person who should have been joined as party defendant, the co-partner of defendant, is G. W. Boundy; but where is the averment of the place of his residence? It is not there. As a matter of fact, the record seems to indicate that G. W. Boundy is, and was at the time of the bringing of this action, a resident of the commonwealth of Pennsylvania. Not stating his residence, the pleading would certainly not comply with the statutory provisions as to the essential averments of a plea in abatement for non-joinder. Neither, in our opinion, is it sufficient to properly put the matter in issue before the justice.

The non-joinder not having been properly raised either in the justice court or in the circuit court, did not defendant by going to trial on the issue raised by his plea of general issue waive such defense? Our authorities are conclusive that he has. ''Pleas in abatement and in bar may be filed at the same time. The pleas in abatement should be first tried; but if the party filing them goes to trial on the merits under the pleas in bar, without asking a trial on the pleas in abatement, he waives such pleas.'' *Maupin* v. *Insurance Co.*, 53 W. Va. 557, 45 S. E. 1003; *Washington, etc. Tel Co.* v. *Hobson*, 15 Grat. (Va.) 122; *Toledo Scale Co.* v. *Bailey*, supra.

Though apparently not the basis of the court's judgment in this case, defendant urges a further point in his brief, which, if true, might be taken as sufficient authority to warrant a verdict for defendant as a matter of law, and therefore to justify a directed verdict. It is argued that no negligence having been shown on the part of defendant, the plaintiffs have failed to establish their case. To support this argument much authority is cited to the effect that while in the case of a bailment for the sole benefit of the bailee, the latter is bound to a very high degree of care in the use and custody of the chattel borrowed, nevertheless, such bailee is not an absolute insurer thereof, and in case the article is lost or injured, some negligence on his part must be established.

While this position may be correct, defendant has over looked a proposition equally important. In this case plaintiffs have introduced considerable evidence that the bit which defendant borrowed was thoroughly tested in drilling hard materials and was found to be of good quality and adapted to the purpose. Defendant merely states that while drilling at a depth of 18 or 20 feet the pin was broken off. He attributes the breaking to the hardness or brittleness of the steel, and does not detail the manner in which it was being used at the time.

As we understand the law, when it is established that a chattel borrowed under the circumstances of this case has been injured while in the custody of the bailee, the burden of proving that the injury was due to no fault or negligence of the borrower is at once shifted to him. Such a holding is consistent with our decision in the case of *Myers* v. *Summerville,* 90 W. Va. 486, 111 S. E. 487, a case in which bonds were lost while in the hands of a bailee, and is undoubtedly in accord with the modern decisions. See: 6 C. J. tit. Bailments, §160, and cases cited.

The evidence adduced in this case does not warrant a finding that the defendant has absolved himself from fault, as a matter of law, and a judgment so holding could not be sustained here.

For all these reasons, we reverse the judgment and remand the cause to be tried upon its merits, on the issue raised by defendant's plea of general issue.

*Reversed and remanded.*