# CHARLESTON.

FLORENCE HUNT *et als.* v. EMMA MOUNTS *et als.*

(No. 5372.)

Submitted March 9, 1926.   Decided March 23, 1926.

1. PARTIES—*Defect Such as Non-Joinder or Mis-Joinder of Parties Must be Made Subject of Plea in Abatement, and Party Going to Trial Without Filing Such Plea Waives the Defect.*

   Such a defect as a non-joinder or mis-joinder of parties must be made the subject of a plea in abatement. If a party goes to trial without filing such plea, he thereby waives the defect.   (p. 209.)

2. JOINT TENANCY—TENANCY IN COMMON—*Common Law Rule That Tenants in Common Could Not Join in Ejectment Superseded by Rule Obtaining in This State That Joint Tenants May Sue Jointly on Theory That Parties Have a Joint or Common Claim to the Land.*

   While at common law tenants in common could not join in ejectment, the general rule now is that tenants in common or joint tenants may sue jointly. The latter rule obtains in this state. It is on the theory that the parties have a joint or common claim to the land.   (p. 209.)

3. PARTIES—*Upon a Mis-Joinder of Parties Plaintiff, And no Plea in Abatement Setting up Such Defect, on Demurrer to the Evidence, the Defendant Introducing no Evidence, and Certain Plaintiffs Having Shown a Prima Facie Case to a Legal Title to an Undivided Interest in the Land, Demurrer to Evidence Should be Overruled and Judgment Entered*

· *for Plaintiffs for Their Specific and Undivided Part in Premises, and Action Abated Without Prejudice as to Interests of Parties Improperly Joined.*

In such case, where there has been a misjoinder of parties plaintiff, and no plea in abatement has been filed setting up such defect, on demurrer to the evidence, the defendant introducing no evidence, and certain plaintiffs having shown a prima facie case·to a legal title to an undivided interest in the land described in the declaration, the demurrer to the evidence should be overruled and judgment entered in favor of said plaintiffs for their specific and undivided part in the premises, and the action abated without prejudice as to the interests of the parties improperly joined. (p. 210.)

HATCHER, JUDGE, absent.

Error to Circuit Court, Mingo County.

Action by Florence Hunt et als. against Emma Mounts et als.. Judgment for defendants, plaintiffs bring error.

*Reversed; judgment entered.*

*Charles E. Hogg, Stafford & Rhodes* for plaintiff in error.
*Goodykoontz & Slaven* and *Koontz, Hurlbutt & Revercomb* on application for rehearing for defendants in error.

WOODS, JUDGE:

This is an action of ejectment involving a tract of about 18 acres of land situate in Mingo county. Upon the trial thereof, after the plaintiffs had rested their case, the defendants interposed a demurrer to the plaintiffs' evidence. On the conditional verdict of the jury the court found the law to be for the defendants and dismissed the case. The plaintiffs complain of this judgment.

The evidence on a demurrer should be interpreted most benignly in favor of the demurree, so that he may have all the benefit which might have resulted from the decision of the case by a jury, the proper forum, from which the decision has been withdrawn by the demurrant. *Garrett* v. *Ramsey*, 26 W. Va. 345. In such case the proper test is whether the evidence will sustain a verdict for the party as to whose evidence the demurrer is entered, if one was returned by the jury and there was a motion to set it aside. If a verdict against the · demurrant could not properly be set aside, there should be a

judgment against him. *Dempsey* v. *N. & W. Railway Co.,* 69 W. Va. 271. Keeping in view these principles have the plaintiffs established all the essential requisites necessary to make out a prima facie case in this action?

The following is a resume of the evidence: (1) The title under which the plaintiffs and defendants claim said property came from a common source—Jackson K. Mounts and Alex L. Mounts, sons of James Mounts, who was once the owner of said property and owned it at the time of his death. (2) In the year 1904 Amanda Mounts purchased of Jackson K. Mounts and Alex L. Mounts the tract or parcel of land in dispute, and each of them executed to her a title bond for their interest in said property. And in pursuance of said contracts and title bonds, she and her husband, Charles Mounts, paid the taxes on said land from the year 1904 to the year 1917, inclusive, and at said time, to-wit, 1904, the said Amanda Mounts took actual, physical, notorious and adverse possession of said property, and she and her successors remained in actual and continuous possession thereof until the latter part of the year 1917, at which time the defendant, Emma Mounts, leased said property to her co-defendant, the Brady-Thacker Coal Company. (3) In the year 1918, the defendant, Emma Mounts, obtained a deed of conveyance for said property from Jackson K. Mounts and placed the same on record. Very soon after the recording of said deed Amanda Mounts instituted a suit in chancery against Jackson K. Mounts and Emma Mounts, asking for a specific execution of the contract so far as Jackson Mounts was concerned, and that Emma Mounts show by what right or title she had obtained the deed for said property. Summons was duly issued and served upon the defendants, Jackson K. Mounts and Emma Mounts, and they failed to appear, and a decree was taken in said cause directing the said Jackson Mounts to execute a deed to the said property to Amanda Mounts, and if he did not, that a special commissioner be, and was, appointed for the purpose. And in pursuance of the authority vested in said special commissioner, a deed was executed by him to the said Amanda Mounts, delivered to her, and duly admitted to record. (4) Very soon after the said property was leased by

Emma Mounts to the Brady-Thacker Coal Company, this ejectment suit was instituted by Florence Hunt and others, the children and heirs at law of said Amanda Mounts, then deceased, against Emma Mounts and the Brady-Thacker Coal Company, who was then in possession of said property; and before the ejectment suit was decided, a chancery proceeding was instituted by Emma Mounts against Florence Hunt and others for the purpose of removing the deed that had been executed by the special commissioner to Amanda Mounts as a cloud upon her title. An original and two supplemental bills were filed in said suit by Emma Mounts, to which bills answers were filed by Florence Hunt and by the guardian *ad litem* representing the infant defendants, who were children of Amanda Mounts, deceased, depositions taken and the cause was finally decided, denying the plaintiff, Emma Mounts, the relief prayed for in her bills, dismissing the suit, and rendering judgment against her for costs. (5) After said suit was dismissed, the plaintiff, Florence Hunt, and others, proceeded with this ejectment suit. The bills, decrees, orders and answers that were filed and entered in the two chancery suits were filed as evidence by the plaintiffs in this suit. Parol evidence was taken therein showing acts of possession, to the effect aforesaid.

The separate contracts (title bonds) that were made by Jackson K. Mounts and Alex L. Mounts with Amanda Mounts, though not recorded—not being recordable instruments—were evidence of title, under the statute of limitations as to hostile claimants, and the possession under the same was notice to the defendant Emma Mounts, sufficient to put her upon inquiry as to the title under which Amanda Mounts was holding said property. *McNeely* v. *Oil Company,* 52 W. Va. 618; *Weekly* v. *Hardesty,* 48 W. Va. 40; *Ellison* v. *Torpin,* 44 W. Va. 436; *Campbell* v. *Fetterman's Heirs,* 20 W. Va. 399; *Mining & Mfg. Co.* v. *Peytona, etc. Co.,* 8 W. Va. 409; *French* v. *Loyal Company* 5 Leigh 236. The chancery suit in which Amanda Mounts sought to enforce the specific execution of the contract against Jackson Mounts (to which suit Emma Mounts was a defendant) was likewise notice to Emma Mounts of the contracts under which Amanda Mounts

claimed, if in fact the decree therein did not estop her from making further claim to the property. *Sayre* v. *Harpold*, 33 W. Va. 553; *Rogers* v. *Rogers*, 37 W. Va. 407; *Bank* v. *Hays*, 37 W. Va. 475. Under the foregoing authorities, the doctrine of estoppel and *res judicata*, as affecting the rights of Emma Mounts, apply also to the final adjudication adverse to her in the other chancery suit in 1917, in which she sought to cancel the deed of the special commissioner as a cloud upon her title. Thus, it is plain that a prima facie case was made in favor of the title of Amanda Mounts and her successors thereto.

We are now met with the question whether under the pleadings a proper judgment may be entered. The action is brought by Florence Hunt and Fielding Hunt in their own right, and Fielding Hunt, guardian for Jackson Mounts, Oceania Mounts, Homer Mounts and Della Mounts, infants under the age of twenty-one years of age, who was duly appointed, qualified and gave bond as such guardian. It was urged that this was an improper joinder of parties. Florence Hunt and Fielding Hunt own a three-eighths undivided interest in said property, and the remaining five-eighths interest is owned by the infant plaintiffs. This defense on the pleading was not advanced, either on demurrer or plea in abatement. In Virginia a misjoinder of parties cannot be taken advantage of by demurrer. The remedy provided by statute is to move the court to abate the suit or action as to the party improperly joined. *Carlton* v. *Boudar*, 118 Va. 521; *Schmidt* v. *Wallinger*, 125 Va. 361; *Coles* v. *Jamerson*, 112 Va. 311. In our state there is no express statute on the subject. Sec. 17, Chap. 125, Code, is as follows: "No plea in abatement for the non-joinder of any person as a co-defendant shall be allowed in any action, unless * * *." This was the statute in the Code of 1860, and in *Urton* v. *Hunter*, 2 W. Va. 83, construing this statute, it was held that it applied to where other parties were improperly included (as in the case here), as well as where there was a non-joinder of parties. The defendant cannot plead in abatement after he has pleaded in bar. *Delaplain* v. *Armstrong*, 21 W. Va. 211. While it may be filed at the same time that a plea in bar

is filed, if the party filing them goes to trial under the plea in bar, without asking a trial on the plea in abatement, he waives such plea. *Windom* v. *Boundy,* 94 W. Va. 551. Hence, we are of opinion that the defendants have waived their right to complain of a misjoinder of parties in this case. "At common law tenants in common could not join in ejectment. * * * The general rule now is that tenants in common or joint tenants may sue jointly." 19 C. J. 1091. The latter rule finds support in this state and Virginia. *Ocheltree* v. *McClung,* 7 W. Va. 232; *See* v. *Greenlee,* 6 Munf. 303; *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293. It is on the theory that they have a joint or common claim to the land. It is only where the plaintiffs have unlike claims that separate counts in the declaration are required. *Garrett* v. *Oil Company,* 66 W. Va. 587. The plaintiffs may recover any specific or any undivided part or share of the premises, though it be less than he claims in the declaration. Code, Chap. 90, §18. Here the evidence clearly shows that Florence Hunt and Fielding Hunt would be entitled to their undivided interest therein. However, Fielding Hunt sues solely as guardian for the infants owning the remaining five-eighths undivided interest in the property. If these infants had been made parties by their next friend, the proper procedure would have been clear. The legal title is not in the guardian. In the face of the showing that the two adult plaintiffs have a legal title to an undivided interest in said property, it would be inequitable to enter a final order or judgment in favor of the defendants for the reason that the guardian was improperly made a party plaintiff with them. Applying the principles in the foregoing decisions to the case here, we are of the opinion that the circuit court should have overruled the defendants' demurrer to the evidence and entered judgment in favor of Florence Hunt for an one-eighth undivided interest, and Fielding Hunt for an two-eights undivided interest in the land described in the declaration, and abate the action without prejudice to the bringing of another suit as to the interest of the infants therein. Such order as the circuit court should have entered will be entered here.

*Reversed; judgment entered.*