# CHARLESTON.

IRA P. STEWART *v.* W. P. TAMS *et al.*

(No. 6635)

Submitted February 5, 1930. Decided February 11, 1930.

540

*J. Albert Toler,* for plaintiff in error.

*McGinnis & McGinnis* and *Price, Smith & Spilman,* for defendants in error.

MAXWELL, JUDGE:

Ira P. Stewart, who is assignee, instituted this action in the circuit court of Wyoming County jointly against W. P. Tams, maker, and F. M. Stewart, payee-assignor, of a non-negotiable instrument. The declaration does not disclose the county of the residence of any of the parties, but it appears from the original writ that process for defendant Stewart was directed to and served by the sheriff of Wyoming county and that process for defendant Tams was directed to and served by the sheriff of Raleigh county. Tams alone appeared and demurred to the declaration and each count thereof on the ground of misjoinder of parties defendant. The trial court sustained said demurrer to the two special counts, but overruled it as to the common counts. Leave to amend was granted, but the plaintiff declined to amend and with permission of the court withdrew the common counts, whereupon judgment of *nil capiat* was entered. The plaintiff prosecutes this writ of error to the action of the trial court in sustaining the demurrer to the special counts.

It is argued on behalf of the plaintiff that "the assignee of a non-negotiable instrument, which has been assigned to him by the payee therein with full recourse, may maintain a joint action against the maker and assignor thereof." Among the cases cited in support of this proposition are *Burton* v. *Hansford,* 10 W. Va. 470, and *Long* v. *Campbell,* 37 W. Va. 665. Those cases and others of similar import are not authority for the proposition stated, but they are authority for

the proposition that where a person, not a payee, signs his name in blank on the back of a non-negotiable instrument before delivery for the purpose of adding strength and credit to it, he may be held as maker or guarantor at the election of the holder in the absence of a special agreement, of which. the holder had notice. *Young* v. *Sehon,* 53 W. Va. 127. The reason for this rule is that the credit of the person thus signing his name is relied on in the first instance when the instrument is employed to obtain money or other thing of value thereon, and where he has thus pledged his credit at the outset he should, of course, be held to full liability. But such is not the case here. The instrument in suit was not assigned by the payee to the plaintiff until nearly eight years after the last installment provided for by it had become due. The payee-assignor's liability is therefore in no sense original or primary. His undertaking is entirely different from that of the maker. The maker's undertaking is an express promise to pay the debt. The assignor's liability is implied by law. It is thus stated: ''Where a party assigns a non-negotiable instrument calling for the payment of money, by writing his name across the back and delivering it, he warrants by implication, unless otherwise agreed, its validity, his right to assign, that it is a subsisting unpaid debt, and the solvency of the debtor.'' *Merchants' National Bank of W. Va.* v. *Spates,* 41 W. Va. 27. Also, *Institute* v. *Siers,* 68 W. Va. 125. The measure of liability of the maker and assignor is different. As to the former it is the face of the note; as to the latter it is the amount received by him from his immediate assignee. *Thomas* v. *Linn,* 40 W. Va. 122. And not only do these fundamental distinctions exist but there is another equally vital: While suit may be brought against the maker at any time after maturity and within the period of limitation, a right of action does not arise as against the assignor until legal recourse has been exhausted against the maker, or he has become insolvent, or from some other cause it is made to appear that a suit against him would be unavailing. *Thomas* v. *Linn, supra;* III Minor's Institutes, (2nd Ed.), p. 436. In the light of all of which it is clear that the defendants were not jointly liable on the instrument in suit; that their under-

takings were separate and distinct, and that they were improperly joined as parties defendant. And these facts appear on the face of the declaration. There is not only a misjoinder of parties defendant but of causes of action. Two separate contracts are pleaded. Such situation renders a declaration bad on demurrer. "Special counts in a declaration in assumpsit, charging a debtor and a guarantor of a debt jointly are bad on demurrer." *Shore* v. *Lawrence,* 68 W. Va. 220.

But the plaintiff says, if there be a misjoinder, (a) the same should have been taken advantage of by plea in abatement; and (b) if the question of misjoinder may be raised by demurrer, such may be done only by defendant Stewart, the assignor, and not by Tams, the primary obligor.

In support of the position that the alleged misjoinder could be taken advantage of only by plea in abatement, reliance is placed on section 16, chapter 125, Code; *Wolfe* v. *Jordan,* 93 W. Va. 42; *Hunt* v. *Mounts,* 101 W. Va. 205, and *Urton* v. *Hunter,* 2 W. Va. 83. The pertinent portion of the statute cited reads: "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement." This provision does not apply here, because the declaration in suit does not show on its face proper matter for the jurisdiction of the court. The declaration discloses that it is a joint action against two defendants who are not jointly liable. As already shown, the bases of their liability are wholly distinct, being two separate undertakings. A primary purpose of a plea in abatement is to introduce into the record some extrinsic matter which may prevent the plaintiff from prosecuting the action in its existing form. On that basis, therefore, a plea in abatement would discharge no useful function here because the objectionable matter appears in the declaration itself. It is true that in the case of *Hunt* v. *Mounts,* syllabus 1 reads in part: "Such a defect as a non-joinder or misjoinder of parties must be made the subject of a plea in abatement." In the opinion it is said: "In Virginia a misjoinder of parties cannot be taken advantage of by demurrer. The remedy provided by statute is to move the court to abate the suit or action as to

the party improperly joined. *Carlton* v. *Bondor,* 118 Va. 521; *Schmidt* v. *Wallinger,* 125 Va. 361; *Coles* v. *Jamerson,* 112 Va. 311. In our state there is no express statute on the subject. Sec. 17, chapter 125, Code, is as follows: 'No plea in abatement for the non-joinder of any person as a co-defendant shall be allowed in any action, unless * * *.' This was the statute in the Code of 1860, and in *Urton* v. *Hunter,* 2 W. Va. 83, construing this statute, it was held that it applied to where other parties were improperly included (as in the case here), as well as where there was a non-joinder of parties.'' Although in *Urton* v. *Hunter* it is stated in point two of the syllabus that ''where a part of co-partners only are sued, or other parties improperly included, it is matter to be pleaded in abatement for non-joinder or misjoinder,'' an examination of the opinion discloses that such was not the decision of the court. The decision turned principally upon variance between allegation and proof. The nearest approach in the opinion to the proposition stated in syllabus two is that if the plaintiff had sued Harris alone (he being one of several partners) ''Harris might have pleaded the non-joinder of his co-partners in abatement and must have defeated a recovery against him alone.'' There is no basis in the decision for syllabus two in so far as it relates to misjoinder. It will be remembered that at the time of the decision in *Urton* v. *Hunter,* the syllabi were not prepared by the court, as now, but by the reporter. This matter of misjoinder was discussed in *Harris* v. *North,* 78 W. Va. 76, wherein it was held: ''Misjoinder of defendants in any action of assumpsit is not pleadable as matter of abatement of the action, but is matter of defense under the general issue.'' In the opinion it is stated: ''No decision of this court sustains such a plea (meaning a plea in abatement for misjoinder in an action *ex contractu*). No provision of any statute authorizes it. Though the syllabus in *Urton* v. *Hunter, Harris & Co.,* 2 W. Va. 83, says nonjoinder and misjoinder are matters to be pleaded in abatement, there is no such plea in the case, wherefore the expression is mere *obiter dictum.* * * * An assumption of identity of non-joinder and misjoinder of defendants, in legal effect, seems to have been hastily adopted without inquiry or

any attempt at verification. The assumption is clearly erroneous. At common law, non-joinder of defendants was. ground of abatement, and, if not pleaded, it was waived. 1 Chitty, Pl., 11 Am. Ed., 4647. Misjoinder of defendants did not have to be pleaded in abatement.'' In *Bolyard* v. *Bolyard*, 79 W. Va. 554, it is unequivocally stated that ''misjoinder of defendants in an action is not pleadable as matter of abatement.'' It therefore appears that the statement as to· misjoinder in syllabus one of *Hunt* v. *Mounts* was inadvertent, and we disapprove the same. The case of *Wolfe* v. *Jordan, supra*, was prosecuted in Jackson county against Jordan, a resident of Kanawha county as maker, and Casto, a resident of Jackson county as assignor and guarantor of a certain undertaking to pay money to the plaintiff. The trial court overruled both Jordan's plea in abatement to the jurisdiction of the court and his demurrer to the declaration. Upon writ of error, this Court held that the plea in abatement should have been sustained because jurisdiction could not be established in Jackson county by improperly joining Casto as a party defendant with the primary debtor, Jordan. As to the demurrer of Jordan it was held that it was not well taken because the declaration alleged a good cause of action against him. In the instant case, however, a good cause of action is not alleged against the primary debtor, because the allegation is of joint liability, when, in fact, joint liability does not exist. On allegation of joint liability only joint judgment can be rendered. *Hoffman* v. *Bircher*, 22 W. Va. 537.

Now, as to the proposition urged that defendant Tams cannot demur on the ground of misjoinder because he is liable in any event and is therefore not prejudiced by the misjoinder of defendant Stewart with him. It is undoubtedly the rule in equity that ''only the party defendant who is improperly joined as such may demur on that ground, as he alone is prejudiced by such misjoinder.'' *Fidelity & Deposit Co.* v. *Shaid*, 103 W. Va. 432. Also Story's Eq. Pl., (10th Ed.), sec. 544; Hogg's Eq. Pro., Vol. 1, sec. 87. Such is likewise the rule in actions *ex delicto*. *Lambert* v. *County Court*, 103 W. Va. 37. But it is not the rule at common law in actions *ex contractu*. ''At common law, if too many are made defendants

in an action *ex contractu,* and the objection appears on the face of the declaration, any of the defendants may demur." *Cunningham* v. *Town of Orange et al.,* 74 Vt. 115. "It has been already observed that at law, as well as in equity, the courts will not take cognizance of distinct and separate claims or liabilities of different persons in one suit, though standing in the same relative situations. And, therefore, in an action *ex contractu* against several, it must appear on the face of the pleadings that their contract was joint, and that must also be proved on the trial. If too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; and even if the objection do not appear upon the pleadings, the plaintiff may be non-suited upon the trial, if he fail in proving a joint contract." 1 Chitty on Pleading, (11th Am. Ed.), p. 44. We have no statute that changes this rule. Sec. 17 of chapter 125 refers to non-joinder only. We are therefore of opinion that defendant Tams had the right to raise the question of misjoinder of parties (or misjoinder of causes of action) by demurrer and that the trial court properly sustained the demurrer to the special counts.

*Affirmed.*